IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00838-PAB-CYC

RICHARD PARRY,
LINDA PARRY,
EVELYN L. PAYNE MINERAL TRUST,
EGR MINERALS, LLC, and
DAVID G. GROBLEBE,

    Plaintiffs,

v.

SIMCOE LLC, and
IKAV ENERGY INC.,

    Defendants.

# ORDER

    This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 18], Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority Relevant to Defendants' Motion to Dismiss [Docket No. 43], and Plaintiffs' Motion for Leave to File Supplemental Response to Defendants' Motion to Dismiss [Docket No. 48]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

I. **FACTUAL BACKGROUND**[1]

Plaintiffs own mineral rights in La Plata County, Colorado that are leased to defendant SIMCOE LLC ("SIMCOE"). Docket No. 3 at 2-3, ¶¶ 1-4. Defendants SIMCOE and IKAV Energy Inc. ("IKAV") hold themselves out as a single entity. *Id.* at 3, ¶ 7. Defendants operate at least 1,300 gas wells in La Plata and Archuleta Counties, Colorado. *Id.*, ¶ 8. For the period of January 1, 2021 through December 31, 2030, SIMCOE, on behalf of defendants, entered into a gas sale confirmation with BP Energy Company to market the major portion of its residue gas[2] produced in La Plata and Archuleta Counties at $1.72 per MMBtu and the balance for the Gas Daily Price. *Id.* at 6, ¶ 23. The Gas Daily Price is "the price published by S&P Global in Gas Daily for the applicable Gas Day under the heading 'Daily Price Survey – Platts locations ($/MMBtu): Southwest: El Paso San Juan: Midpoint.'" *Id.* (alteration omitted).

Since November 1, 2022, the value used by defendants to calculate the royalties owed to plaintiff, the El Paso San Juan Daily index price, was "below the monthly market value of comparable residue gas in the San Juan Basin for numerous months." *Id.* at 6-7, ¶¶ 24-25. The "best reasonably available price and market value of natural gas [is] often calculated by computing the arithmetical average of the three highest prices paid for comparable residue gas each month in the applicable market area." *Id.* at 7, ¶ 26. The value used by defendants, however, was below the best reasonably

---

[1] The facts below are taken from plaintiffs' complaint, Docket No. 3, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendants' motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

[2] "Residue gas" is "[n]atural gas from which natural gas processing plant liquid products and, in some cases, nonhydrocarbon components have been extracted." *See U.S. Energy Information Administration*, "Glossary," https:// www.eia.gov/tools/ glossary/index.php?id=R.

2

available price for "numerous months since November 1, 2022." *Id.*, ¶ 29. The value used by defendants was also less than the applicable value produced by the Department of Interior, Office of Natural Resources Revenue ("ONRR") Valuation and Pricing and the IFERC El Paso San Juan Monthly (FOM) Index Price. *Id.*, ¶¶ 29, 31. ONRR Valuation and Pricing and the IFERC El Paso San Juan Monthly (FOM) Index price are "evidence of the prevailing market price for residue gas in the San Juan Basin." *Id.*, ¶¶ 28, 30.

## II. PROCEDURAL BACKGROUND

On January 23, 2025, plaintiffs filed their complaint in La Plata District Court. *See generally id*. On March 14, 2025, defendants removed the case to federal court, asserting that the Court had jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). *See* Docket No. 1. On March 21, 2025, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket No. 18. Approximately six weeks after defendants' reply, Docket No. 23, plaintiffs filed a Notice of Supplemental Authorities regarding defendants' motion to dismiss. Docket No. 36. On July 3, 2025, defendants filed a motion to strike plaintiffs' Notice of Supplemental Authorities. Docket No. 43. On August 14, 2025, plaintiffs filed a motion for leave to file a supplemental response to defendants' motion to dismiss. Docket No. 48.

## III. LEGAL STANDARD

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of

3

subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Ultimately, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because it is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

## IV.  ANALYSIS

Plaintiffs seek to represent the following class:

> The persons or entities who own oil and gas Royalty Instruments (leases and overriding royalty instruments) and have received royalty and/or overriding royalty payments from SIMCOE/IKAV from sales of natural gas produced in La Plata and Archuleta Counties, Colorado during and after the production month of November 2022; and excluding from such Class: (1) SIMCOE/IKAV and any of its affiliates; (2) the United States insofar as its interests are managed by the ONRR; and (3) Indian Tribes and their allottees.

Docket No. 3 at 4-5, ¶ 14.  Plaintiffs bring a claim for Breach of the Implied Covenant to Diligently Market Residue Gas (Claim One); Breach of the Implied Covenant to Obtain the Best Reasonably Available Price for Marketed Residue Gas (Claim Two); Breach of the Implied Covenant of Good Faith and Fair Dealing (Claim Three); and Breach of Express Language of Market Value Leases (Claim Four).[3]  *Id.* at 8-12.

---

[3] A federal court applies the choice-of-law rules of the forum state in which it sits. *See Mem'l Hosp. of Laramie Cnty v. Healthcare Realty Tr. Inc.*, 509 F.3d 1225, 1229 (10th Cir. 2007).  Colorado has adopted the choice-of-law approach of the Restatement (Second) of Conflict of Laws (the "Restatement"), which requires a court to apply the substantive law of the state having the "most significant relationship" to the issue.  *See Wood Brothers Homes v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979).  Both parties apply Colorado law, *see, e.g.*, Docket No. 18 at 2; Docket No. 22 at 4, plaintiffs are residents and citizens of Colorado, Docket No. 1 at 1-3, ¶¶ 2-4, and

4

### A. Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction over plaintiffs' claims because plaintiffs have failed to exhaust their administrative remedies through the Colorado Energy and Carbon Management Commission (the "ECMC" or the "Commission"), formerly known as Colorado Oil and Gas Conservation Commission (the "COGCC"). Docket No. 18 at 5-10. Defendants contend that plaintiffs must exhaust their claims for underpaid royalties through the ECMC and that, even in the case of a bona fide dispute regarding the interpretation of a contract, the ECMC must determine its own jurisdiction. *Id.*

Plaintiffs respond that "pursuing administrative remedies would be completely futile because there can be no reasonable doubt that the ECMC lacks jurisdiction to hear the Class claims or to provide the putative class with the requested relief." Docket No. 22 at 9. Plaintiffs argue that, in *Antero Res. Corp. v. Airport Land Partners, Ltd.*, 526 P.3d 204, 207 (Colo. 2023), the Colorado Supreme Court made "clear that the ECMC – as a matter of law – lacks jurisdiction 'to interpret any disputed contract terms – even if those terms seem unambiguous or depend on factual determinations.'" Docket No. 22 at 9-10 (quoting *Airport Land*, 526 P.3d at 211). Because plaintiffs contend that their claims implicate a dispute over the interpretation of a contract, and the ECMC does not have the jurisdiction to consider such claims, proceeding before the ECMC would be futile. *See id.* at 11.

---

plaintiffs' claims concern mineral rights in land located in Colorado. *See id.* at 4, ¶ 10. Accordingly, the Court will apply Colorado law.

5

The Court will first address whether the ECMC or the Court should determine whether a bona fide contractual interpretation dispute exists.  "If complete, adequate, and speedy administrative remedies are available, a party must pursue these remedies before filing suit in district court."  *City & Cnty. of Denver v. United Air Lines, Inc.*, 8 P.3d 1206, 1212 (Colo. 2000).  Pursuant to Colorado's Oil and Gas Conservation Act, the ECMC has jurisdiction to determine "[t]he amount of the proceeds plus interest, if any, due a payee by a payer" from "proceeds derived from the sale of oil, gas, or associated products from a well in Colorado."  Colo. Rev. Stat. § 34-60-118.5(1)(a), (5)(c).  Section 34-60-118.5 provides that:

> Before hearing the merits of any proceeding regarding payment of proceeds pursuant to this section, the commission shall determine whether a bona fide dispute exists regarding the interpretation of a contract defining the rights and obligations of the payer and payee.  If the commission finds that such a dispute exists, the commission shall decline jurisdiction over the dispute and the parties may seek resolution of the matter in district court.

Colo. Rev. Stat. § 34-60-118.5(5.5).

Plaintiffs' reliance on *Airport Land* – for the proposition it need not present its claims before the ECMC for a determination as to its jurisdiction– is misplaced.  *See* Docket No. 22 at 9-12.  In *Airport Land*, 526 P.3d at 208, the plaintiffs, unlike plaintiffs here, brought their claims regarding underpaid royalties to the ECMC for a determination as to whether the ECMC had jurisdiction.  Only after the ECMC determined that it did not have jurisdiction over plaintiffs' claims did plaintiffs appeal that jurisdictional determination to the Denver District Court.  *See id.*  *Airport Land* concluded that § 34-60-118.5(5.5), which requires "the Commission to determine whether a bona fide dispute over contract interpretation exists, and to decline jurisdiction if it does, cannot be read to require COGCC to first engage in contract interpretation to assess the

6

bona fides of the dispute and then to decline jurisdiction." *Id.* at 210.  In other words, *Airport Land* "said nothing about whether parties may go directly to the district court if they believe their case involves a dispute over the interpretation of a contract." *C & M Res., LLC v. Extraction Oil & Gas, Inc.*, No. 24-cv-00037-NYW-MEH, 2024 WL 3458080, at *13 (D. Colo. July 18, 2024).  The "*Airport Land* decision did no more than clarify the Commission's limited role in disputes implicating contract interpretation, which is properly constrained to determining whether the parties in good faith disagree." *Boulter v. Noble Energy Inc.*, 2024 WL 1526289, at *5 (10th Cir. Apr. 9, 2024) (internal quotation and citation omitted).  "[E]ven after *Airport Land*, a 'proceeding regarding the payment of proceeds' must first be presented to the Commission, and jurisdiction is proper in district court only after the Commission determines 'a bona fide dispute exists regarding the interpretation of a contract.'" *Id.* (quoting Colo. Rev. Stat. § 34-60-118.5(5.5)); *see also C & M Res., LLC*, 2024 WL 3458080, at *8 ("Colorado law also provides that it is the Commission that must determine, in the first instance, whether a bona fide contractual interpretation dispute exists.") (emphasis omitted).

      The Court finds that futility exception does not apply.  Under Colorado law, a plaintiff need not exhaust its administrative remedies when it is "clear beyond a reasonable doubt that further administrative review by the agency would be futile because the agency will not provide the relief requested. *United Air Lines, Inc.*, 8 P.3d at 1213 (citation omitted).  Plaintiffs argue that the Tenth Circuit in *Boulter* "left the door to the futility exception wide open," *see* Docket No. 22 at 11, when it stated the following:

> Colorado law, of course, recognizes exceptions to requirements to exhaust administrative remedies, including an exception for when it is "'clear beyond a

> reasonable doubt' that further administrative review by the agency would be futile because the agency will not provide the relief requested." *State v. Golden's Concrete Co.*, 962 P.2d 919 (Colo. 1998) (quoting *Colorado v. Veterans Admin.*, 430 F. Supp. 551, 558 (D. Colo. 1977)). Appellants make no argument that exhaustion would be futile, so we do not address this exception here, and we express no opinion as to whether Colorado law permits district courts to conclude the futility exception is satisfied upon a finding that "a bona fide dispute exists regarding the interpretation of a contract." Colo. Rev. Stat. § 34-60-118.5(5.5).

*Boulter*, 2024 WL 1526289, at *5 n.3. The fact that the Tenth Circuit declined to address futility does not change the fact that a "proceeding regarding the payment of proceeds must first be presented to the Commission, and jurisdiction is proper in district court only after the Commission determines a bona fide dispute exists regarding the interpretation of a contract." *See id*. at *5 (internal quotations and citation omitted). As explained above, *Airport Land* does not affect this principle. To determine that ECMC review would be futile, the Court would have to determine whether a contractual interpretation dispute exists, which is a "disagreement between the parties [that] would require the Court to invade the province of the [ECMC]." *Boulter v. Noble Energy, Inc.*, 521 F. Supp. 3d 1077, 1085 (D. Colo. 2021).

Plaintiffs also argue that administrative review is futile because the "ECMC is not capable of providing the putative plaintiff class with an adequate remedy." Docket No. 22 at 14. Plaintiffs contend that the ECMC "has no authority to find that the amount of royalty actually paid was less then the amount required by the express or implied terms of the oil and gas lease, nor can the ECMC provide any remedy for any such royalty underpayment." *Id.* at 14-15. Plaintiffs also argue that the ECMC cannot "hear any claim brought by a representative on behalf of a class, nor can the ECMC provide any remedy to absent class members." *Id.* at 15. However, in order for the futility exception to apply, it must be "clear beyond a reasonable doubt that further administrative review

8

by the agency would be futile because the agency will not provide the relief requested." *See United Air Lines, Inc.*, 8 P.3d at 1213 (citation omitted). Because plaintiffs do not explain why, and cite no authority for the proposition that, the ECMC cannot provide class-wide relief, they fail to show futility beyond a reasonable doubt. *See* Docket No. 22 at 15; *see also City of Aspen v. Kinder Morgan, Inc.,* 143 P.3d 1076, 1082 (Colo. App. 2006) (rejecting plaintiff's argument "that exhaustion should not be required because the [Colorado Public Utilities Commission ("PUC")] lacks procedures for a class action" where the PUC could order reparations as a remedy that "can compensate each aggrieved customer, despite the absence of class action procedures"); *cf. Lopez v. Civ. Serv. Comm'n*, 283 Cal. Rptr. 447, 450 (Cal. Ct. App. 1991) ("The mere bringing of a class action is not ipso facto an exception to the exhaustion requirement."); *Holman v. S.C. Educ. Lottery Comm'n,* 891 S.E.2d 701, 710 (S.C. Ct. App. 2023) ("We hold Appellants were not relieved of the requirement to exhaust their administrative remedies merely because they asserted putative class action claims."). There is nothing in the Colorado's Oil and Gas Conservation Act that limits the ability of the ECMC to provide class-wide relief; rather, it provides that:

> The commission has jurisdiction over all persons and property, public and private, necessary to enforce this article 60, the power to make and enforce rules and orders pursuant to this article 60, and to do whatever may reasonably be necessary to carry out this article 60.

Colo. Rev. Stat. § 34-60-105(1)(a).

Because the Court finds that plaintiffs have failed to exhaust their administrative remedies, it will grant defendants' motion to dismiss plaintiffs' complaint for lack of

subject matter jurisdiction.[4]  *See Burlington Res. Oil & Gas Co. v. Colo. Oil & Gas Conservation Comm'n Dep't of Nat. Res.*, 986 F. Supp. 1351, 1353–54 (D. Colo. 1997) ("the general rule established in Colorado [is] that failure to exhaust administrative remedies before seeking judicial relief is a jurisdictional defect"); *United Air Lines*, 8 P.3d at 1212 ("If a party fails to exhaust these [administrative] remedies, the district court may lack subject-matter jurisdiction over the action.").

### B. Defendants' Motion to Strike Plaintiffs' Supplemental Authorities

Defendants move to strike plaintiffs' Notice of Supplemental Authorities, Docket No. 36, because "Plaintiffs attempt to circumvent this Court's Practice Standards and supplement their Response to Defendants' Motion to Dismiss without leave of Court." Docket No. 43 at 3.  In the Notice, plaintiffs provide "recent orders entered by [the ECMC]" that "will assist the Court to understand how the ECMC construes and applies its own jurisdiction."  *See* Docket No. 36 at 1.

The supplemental authorities cited by plaintiffs are non-precedential and were available at the time that plaintiffs filed their response to the motion to dismiss.  *See id*. at 2-3.  The Court declines "to consider a new argument raised for the first time in supplemental authority based on no change in precedent."  *Standing Akimbo, Inc. v. United States*, No. 18-mc-00178-PAB, 2021 WL 3931224, at *9 (D. Colo. Sept. 2, 2021), *aff'd sub nom.*, 2023 WL 569405 (10th Cir. Jan. 27, 2023) (citing *Hooks v. Ward*, 184 F.3d 1206, 1233 n.25 (10th Cir. 1999)).  Accordingly, the Court will grant defendants' motion to strike the notice of supplemental authorities.

---

[4] Because the Court lacks subject matter jurisdiction, it will not address defendants' argument that Claims One, Two, and Three are subject to dismissal pursuant to Rule 12(b)(6).  *See* Docket No. 18 at 10-15.

10

### C. Plaintiffs' Motion for Leave to File Supplemental Response

Plaintiffs move to file a supplemental response to defendants' motion to dismiss to "direct the Court to statements made by the Defendants to the Court after the briefing on Defendants' Motion to Dismiss had been completed." Docket No. 48 at 1. Plaintiffs contend that defendants' statements undermine defendants' argument in their motion to dismiss that "Plaintiffs' claims do not involve a bona fide dispute regarding the interpretation of a contract and included in the narrow grant of jurisdiction to the ECMC to determine the existence and amount of a statutory late payment." *See id*.

Because the Court finds that it lacks subject matter jurisdiction over plaintiffs' claims and the issue of whether there is a bona fide contractual interpretation dispute must first be raised before the ECMC, plaintiffs' motion is moot. Therefore, the Court will deny plaintiffs' motion.

## V. CONCLUSION

Therefore, it is

**ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority Relevant to Defendants' Motion to Dismiss [Docket No. 43] is **GRANTED**. It is further

**ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Response to Defendants' Motion to Dismiss [Docket No. 48] is **DENIED**. It is further

**ORDERED** that plaintiffs' claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction.  It is further

**ORDERED** that Defendants' Motion for Summary Judgment Under Federal Rule of Civil Procedure 56 [Docket No. 63] is **DENIED as moot**.  It is further

**ORDERED** that this case is closed.

DATED February 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge